IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J.R.B.,[1]

                **Plaintiff**,

v.

**FRANK BISIGNANO,**
**Commissioner of the Social Security Administration,**

                **Defendant**.

Case No. 25-1153-DDC

## MEMORANDUM AND ORDER

Before the court is plaintiff's Application for Leave to File Action Without Payment of Fees, Costs, or Security (Doc. 3), docketed July 16, 2025. The Complaint asks the court to reverse the decision of the Commissioner of the Social Security Administration and find plaintiff is entitled to Supplemental Security Income. Doc. 1 at 2. Plaintiff alleges that the Commissioner's finding that plaintiff isn't disabled "is not based upon substantial evidence and is contrary to 10th Circuit case law." *Id.* Plaintiff's filing includes an Affidavit of Financial Status supporting plaintiff's request. Doc. 3 at 2–7.

Title 28 U.S.C. § 1915(a)(1) authorizes the court to permit plaintiff to commence an action without prepayment of fees—*i.e.*, to proceed *in forma pauperis* (IFP)—if certain conditions are satisfied. Although the statute speaks of incarcerated individuals, it "applies to all

---

[1] As part of the court's efforts to preserve the privacy interests of Social Security claimants, it has decided to caption its orders using only plaintiff's initials.

persons applying for IFP status, and not just to prisoners." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (citations omitted).

Section 1915(a)(1) requires that plaintiff demonstrate an inability to afford the costs of litigation. 28 U.S.C. § 1915(a)(1). The court has "wide discretion" to grant motions to proceed IFP. *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006). And the court should adopt a "liberal policy" that permits proceeding IFP "when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay." *Watley ex rel. A.E.R.V.W. v. Saul*, No. 20-1019-KHV, 2020 WL 1689679, at *1 (D. Kan. Apr. 7, 2020) (citation omitted). But, the court may not rule such requests arbitrarily or erroneously. *Garcia*, 164 F. App'x at 786 n.1. Thus, "to succeed on a motion to proceed IFP," a movant simply "must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument . . . in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

Exercising its discretion, the court finds that plaintiff has made this requisite showing. The motion asserts that plaintiff is "without means to pay the fees, costs or security to file" this suit. Doc. 3 at 1. And the affidavit attached to the motion testifies that plaintiff has negligible income. *Id.* at 4–5. She owns neither real property nor an automobile and has no cash on hand. *Id.* Last, plaintiff's Complaint alleges "a reasoned, nonfrivolous argument . . . in support of the issues raised in the action" by contesting the substantiality of the evidence and the legal accuracy of the Commissioner's decision. *Lister*, 408 F.3d at 1312 (citation omitted). So, plaintiff has "show[n] a financial inability to pay the required filing fees" for facially legitimate allegations. *Id.*

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Proceed Without Prepayment of Fees, Costs, or Security (Doc. 3) is granted. The Clerk is

directed to notify the U.S. Attorney for the District of Kansas and the Social Security Administration's Office of General Counsel under D. Kan. R. 83.7.2(a)(2) and Fed. R. Civ. P. Supp. Rules for Social Security Actions under 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

**Dated this 29th day of September, 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
