**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

J.R.B.,[1]

*Plaintiff,*

vs.

FRANK BISIGNANO, Commissioner of Social Security,

*Defendant.*

Case No. 25-1153-AJP

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a final decision by Defendant, the Commissioner of Social Security ("Commissioner"), denying her application for supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by failing to adequately account for moderate limitations in Plaintiff's residual functioning capacity ("RFC"). Having reviewed the record, and as described below, the Court concludes that Defendant Commissioner's findings are supported by substantial evidence and affirms the order of the Commissioner.

[1] The Court refers to Plaintiff by initials to protect her privacy. *See D.R. v. Bisignano*, 2026 WL 2056046, at *1, n.1 (D. Kan. July 16, 2026).

## I. Factual and Procedural Background

Plaintiff was born in 1966. In January 2023, Plaintiff filed for supplemental security income. In her application, she alleged that her disability began on January 9, 2023. Her application was denied initially and upon reconsideration. Plaintiff then asked for a hearing before an ALJ.

ALJ Susan Toth conducted an administrative telephonic hearing on May 15, 2024. Plaintiff was represented by an attorney and testified about her medical conditions. A vocational expert also appeared at the hearing.

On July 3, 2024, the ALJ issued her written decision, finding that Plaintiff had "not engaged in substantial gainful activity since . . . the application date." (Doc. 6 at 24). She determined that Plaintiff had the following severe impairments: schizophrenia; posttraumatic stress disorder ("PTSD"); and amphetamine use disorder. The ALJ then found that Plaintiff's impairments did not meet or equal the severity of one of the listed impairments in 20 C.F.R. §§ 416.920(d), 416.925, and 416.926. Continuing, she determined that Plaintiff had the RFC to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can understand, remember and carry out simple instructions with normal breaks and can make judgments on simple work-related decisions. The claimant can have occasional interaction with coworkers, supervisors and the general public [] but cannot perform tasks in teams or in tandem. The claimant cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas. The claimant can deal with changes in a routine work setting that [are] consistent with the aforementioned limitations. (Doc. 6 at 27).

The ALJ determined that Plaintiff had no past relevant work. After considering Plaintiff's age, education, work experience, and RFC, she determined that there were jobs existing in significant numbers in the national economy that Plaintiff was capable of performing. Thus, the ALJ concluded that Plaintiff had not been under a disability from January 9, 2023, through the date of her decision.

Given the unfavorable result, Plaintiff requested reconsideration of the ALJ's decision from the Appeals Council. The Appeals Council denied Plaintiff's request on May 13, 2025. Accordingly, the ALJ's July 2024 decision became the final decision of the Commissioner.

Plaintiff filed a Complaint in the United States District Court for the District of Kansas.[2] She seeks reversal of the ALJ's decision and remand to the Commissioner for a new administrative hearing. Because Plaintiff has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II. Legal Standard

Judicial review under 42 U.S.C. § 405(g) is limited to whether Defendant's decision is supported by substantial evidence in the record as a whole and whether Defendant applied the correct legal standards. *See Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015). The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a

[2] This case was previously assigned to Judge Lungstrum but was reassigned to the undersigned in July 2026.

conclusion." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). In the Court's review, it may neither reweigh the evidence nor substitute its judgment for that of Defendant Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

The Social Security Act defines disability "as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); *see also* 42 U.S.C. § 423(d)(1)(A). Pursuant to the Act, there is a five-step sequential evaluation process for determining whether an individual is disabled. *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a). The steps are designed to be followed in order. If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary. *Wilson*, 602 F.3d at 1139 (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)).

The claimant has the burden of establishing a disability at steps one through four. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). The first three steps require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability, (2) whether the

claimant has a severe impairment or combination of severe impairments, and (3) whether the severity of those impairments meets or equals a designated list of impairments. *Lax*, 489 F.3d at 1084 (10th Cir. 2007) (citations omitted). If the impairment does not meet or equal one of these designated impairments, the Commissioner must then determine the claimant's RFC, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from [the] impairments." *Barkley v. Astrue*, 2010 WL 3001753, at *2 (D. Kan. 2010) (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

After assessing the claimant's RFC, the Commissioner moves on to steps four and five, which requires the Commissioner to determine whether the claimant can perform her past relevant work or whether she can generally perform other work that exists in the national economy, respectively. *Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)). The burden is on the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy. *Lax*, 489 F.3d at 1084.

## III. Analysis

Plaintiff asserts one error in the ALJ's decision. Specifically, Plaintiff contends that the ALJ erred by not properly addressing the joint medical opinion of two of Plaintiff's medical providers. This joint opinion recommended moderate limitations, and the ALJ found it partially persuasive. Plaintiff argues that the

RFC, however, did not encompass those limitations. Defendant asserts that the heightened articulation Plaintiff alleges was warranted by the ALJ is not required and that substantial evidence supports the ALJ's decision.

In this case, the regulation found at 20 C.F.R. § 416.920c governs the ALJ's review of medical evidence because Plaintiff's claim was filed after March 27, 2017. *See Bills v. Comm'r, SSA*, 748 F. App'x 835, 838 n. 1 (10th Cir. 2018) (noting the revised regulations applicable to claims filed on or after March 27, 2017); 20 C.F.R. § 416.920c (setting forth standards for considering medical opinions filed on or after March 27, 2017). Pursuant to 20 C.F.R. § 416.920c(a)-(c), there are five factors for the ALJ to consider, including supportability, consistency, relationship with the claimant, physician's specialization, and other factors. *Id.* § 416.920c(c)(1)-(5). The most important factors when evaluating the persuasiveness of a medical opinion are supportability and consistency. *Id.* § 416.920c(a). Regarding the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support [the] medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* § 416.920c(c)(1). Under the consistency factor, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 416.920c(c)(2).

The ALJ considered an opinion provided by one of Plaintiff's mental health providers, Sasha Lounmala, APRN, that was co-signed by Rex Lear, MD. This three-page check-box opinion stated that Plaintiff had moderate limitations in a variety of areas. The providers' opinion stated that Plaintiff could perform daily activities, tend to pets, and attend therapy despite her impairments. Lounmala stated that the opinion was based on Plaintiff's medical history, clinical findings, diagnosis, and treatment.

When reviewing this opinion, the ALJ found that it was partially persuasive. She noted that the providers opined that Plaintiff had "no more than moderate limitations in any of the four broad areas of functioning and did not provide an explanation to support their opinions." (Doc. 6 at 31). The ALJ also found, however, that some of Lounmala's treatment records suggested greater limitations than the providers opined. In addition, the ALJ noted that some of the limitations set forth by the providers were "not supported by explanation, by the mental health records discussed above and [were] not consistent with other evidence." *Id.*

Plaintiff argues that the ALJ did not identify concerns regarding the supportability or consistency with Lounmala's opinion. The Court, however, disagrees. As noted above, the ALJ noted some supportability issues that cut both ways. The ALJ stated several times that the opinion was not supported by explanation as to the opined moderate limitations, and the ALJ once stated that the medical records suggested greater limitations "than the opined mild limitations." *Id.* Furthermore, the ALJ noted that Plaintiff's "mental health treatment records

discussed above [] are not consistent with other evidence." *Id.* Thus, the ALJ applied the correct legal standards and discussed consistency and supportability when addressing the providers' opinion.

Furthermore, the Court notes that "even if the ALJ's discussion of internal inconsistency was cursory or vague, the ultimate conclusion remains legally sound so long as it is traceable to substantial evidence." *L.H. v. Bisignano*, 2025 WL 2959197, at *6 (D. Kan. Oct. 20, 2025) (citing *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012)). Thus, the only remaining question is whether the ALJ's decision is supported by substantial evidence in the record. *See Vigil*, 805 F.3d at 1201.

Here, the ALJ discussed the evidence as a whole. She addressed Plaintiff's mental health impairments and considered the treatment she received during the relevant period. Because the record demonstrated that Plaintiff's concentration and attention were fair, the ALJ limited Plaintiff to simple instructions or decisions. Furthermore, the ALJ's RFC limited Plaintiff's interaction with co-workers and the public, and it provided that Plaintiff could not perform tandem/team tasks. The ALJ also considered Plaintiff's daily life and her ability to prepare meals, perform household chores, use public transportation, manage her finances, and take care of more than 10 cats when formulating Plaintiff's RFC. In sum, the ALJ discussed the relevant medical evidence, Plaintiff's daily activities, and the opinions relating to Plaintiff's mental limitations throughout her decision.

Based on a review of the record, the Court determines that the ALJ adequately addressed the reasons why she found the providers' opinion partially persuasive and sufficiently articulated reasons supporting the RFC determination. Substantial evidence, which is "more than a scintilla, but less than a preponderance," supports the ALJ's decision. *Lax*, 489 F.3d at 1084. As stated above, the Court will not reweigh the evidence nor substitute its own judgment for that of the ALJ. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (citing *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 25th day of August, 2026.

s/ Anthony J. Powell
ANTHONY J. POWELL
UNITED STATES DISTRICT JUDGE